**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Trio Manufacturing, Inc. and Darrell Quade,

Plaintiffs,

vs.

Federated Mutual Insurance Company,

Defendant.

Court File No. 01-1934 (JNE/AJB)

**MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' MOTION**

## INTRODUCTION

Defendant Federated Mutual Insurance Company submits this memorandum in opposition to plaintiffs' motion for entry of judgment based upon the appraisal award in the above-referenced matter. Plaintiffs' motion be denied was not timely served. Plaintiffs also have not provided the necessary information to support the relief they are seeking. Defendant requests plaintiffs' motion be denied given the unresolved coverage issues.

## FACTS

This matter arises out of a fire that occurred at Rubber Research on October 23, 1999. Plaintiff Trio Manufacturing, Inc., is owned by plaintiff Darrell Quade. Plaintiffs insured Rubber Research through defendant Federated Mutual Insurance Company. Defendant paid plaintiffs $119,000 for the original fire damage to the Rubber Research building. Defendant subsequently raised coverage issues based upon plaintiffs' failure to comply with provisions of the policy. The parties proceeded to appraisal with defendant reserving its coverage defenses.

The Appraisal Board issued an award dated November 3, 2005. The Appraisal Award included the Replacement Cost Value of Repackaging of Product in the amount of $24,663.00. However, the Award indicated that the amount of $24,663.00 was "without consideration that

salvage was purchased by Trio Manufacturing, Inc. following loss and that repackaging may be part of payments to date or part of subsequent salvage costs." Following receipt of the Appraisal Award, defendant's counsel requested that plaintiffs provide information regarding what product was repackaged following the loss, as well as, all documentation and information verifying that the salvaged product was not repackaged. (Wolter Aff., Ex. A.). Despite defendant's repeated requests, plaintiffs have not provided the requested information (Wolter Aff., Ex. B – D). Therefore, defendant requested that the court schedule a status conference in this matter. (Wolter Aff., Ex. E). Plaintiffs then served and filed the instant motion on March 29, 2006.

## ARGUMENT

### I. Plaintiffs' Motion Should be Denied as it is Not Timely.

Plaintiffs' filed and served the instant motion on March 29, 2006 — eight days prior to the scheduled hearing date of April 6, 2006. Defendant objects to this motion as it was not timely served in accordance with the Local Rules. *See* D. Minn. LR 7.1. Therefore, the motion is not properly before the court. Defendant requests that the court proceed with the status conference as scheduled, but that plaintiffs' motion not be heard on April 6, 2006 as it was not timely served.

### II. Plaintiffs' Motion Should be Denied as the Appraisal Award Raises Issues to be Resolved by the Appraisal Board.

The Appraisal Award indicated that the amount of $24,663.00 for the Replacement Cost Value of Repackaging of Product was "without consideration that salvage was purchased by Trio Manufacturing, Inc. following loss and that repackaging may be part of payments to date or part of subsequent salvage costs." Following receipt of the Appraisal Award, defendant's counsel requested that plaintiffs' provide the necessary information to determine what part, if any, of the Replacement Cost Value of Repackaging of Product defendant would owe based upon the

Appraisal Award. (Wolter Aff., Ex. A). Despite defendant's repeated requests for this information, plaintiffs have not provided the requested information. (Wolter Aff., Ex. B – D).

Plaintiffs have provided no information supporting its claim that it is entitled to the Replacement Cost Value of Repackaging of Product. Defendant's investigation establishes that all inventory was paid by defendant following the fire. (Nelson Aff.). Additionally, defendant's investigation supports the conclusion that plaintiffs are either seeking to repackage unsalvageable material for which they were already paid or seeking to have defendant pay to repackage salvage material that was purchased by plaintiffs "as is." (*Id.*, ¶ 11). As a result, plaintiffs are not be entitled to any additional payments for the Replacement Cost Value of Repackaging of Product. In light of plaintiffs' failure to provide any additional information or documentation supporting this part of their claim, defendant has been unable to issue payment based upon the Appraisal Award. Defendant requests that, if necessary, the issue be returned to the Appraisal Board for the determination of what, if any, portion of the $24,663.00 should be paid to plaintiffs.

**III. Existing Coverage Issues Preclude Entry of Judgment Against Defendant.**

Defendant's Answer to plaintiffs' Complaint asserted coverage defenses based upon plaintiffs' failure to comply with the policy. Defendant has not waived its right to assert its coverage defenses under the policy. Therefore, it would not be appropriate to enter judgment at this point in the litigation. Defendant respectfully requests that plaintiffs' motion be denied.

**CONCLUSION**

Plaintiffs' motion for a judgment based upon the appraisal award is untimely. Additionally, the portion of the appraisal award addressing the replacement cost of repackaging product left open the issue of consideration for the purchase of salvage. To date, plaintiffs have

not provided defendant with the requested information to support its claim for $24,663.00 for the replacement cost value of repackaging the product. The issue should be returned to the appraisal board for decision. Finally, there has been no resolution of the policy defenses asserted by defendant. Defendant has not and does not waive its right to assert its policy defenses. Therefore, entry of judgment would not be appropriate at this point in the litigation. Defendant respectfully requests that plaintiffs' motion be denied.

Date: 4/5/06

Leatha G. Wolter, #175614
Tamara L. Rollins, #313403
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402-3788
Telephone: 612-338-0661
Fax: (612) 338-8384
Email: lwolter@meagher.com
trollins@meagher.com
*Attorneys for Defendant*

/1319520